Good morning, Your Honors. My name is Winter King. I represent the Sloan family as Intervenor Applicant's Appellants in this related appeal. And I would like to reserve just a brief one minute of my time for rebuttal. The merits appeal you just heard obviously affects my clients very deeply. The outcome will determine whether they're entitled to be reinstated as tribal members with all of the cultural, social, and economic benefits that tribal membership carries with it. And if the district court decision is reversed, it is my clients and not the named federal defendants who will be shut out of their tribe, possibly forever. Despite this substantial interest in the merits, the district court denied the Sloan's motion for intervene, finding that the United States would adequately represent them, and thus that the Sloans had not satisfied all four requirements of Rule 24A for intervention by right. And this Court now ---- In a practical matter, why does it make any difference right now? It makes a difference for two reasons. One is that there is obviously a possibility for a petition for review, regardless of how this Court comes out. And if this Court reverses the district court decision and the United States decides not to petition, my client, as amicus, would not have the opportunity to pursue that. The second reason is that despite the outcome of the district court's decision, the tribe maintains that it still does not, even without a stay of that order, does not need to re-enroll the Sloan family members. And so we have proposed in our briefs that we could, as parties, go back and seek the equitable power of the district court to enforce its order, which was one of the remedies that the tribe sought in its complaint when it sought declaratory relief. So we believe there are still a couple of stages left in this case, or at least potential stages depending on the outcome of this appeal. Ordinance 1 remains in effect. That's correct. Is there any reason that your clients could not tomorrow apply for membership? Well, other than the stated reason that the tribe has offered here, that it essentially would not consider their membership, no. And that would be reviewable by the agency? Under the ordinance, yes. Okay. And that would be reviewable by? I'm sorry, what? And that would be reviewable by us? Yes. That's correct. In my remaining time, this ---- Given that your clients have that avenue, what possible grounds do you have for intervention in this case? Well, we have ---- there's no dispute about ---- I mean, what rights of theirs will in any way be impaired by this litigation? If tomorrow they can just go in, send their case, get the decision, go to the BIA, come to us? In 15 years. I think it's a ---- I think that it would be an extreme delay. They've already been in this position, disenrolled, since 1995, more than 15 years at this point. And ---- But they could have done this 3 years ago, 5 years ago, whenever, right? They could have taken advantage of the ---- The delay is their fault. Well, they did follow what they saw as and what the United States ---- But nothing precluded them from doing that as well? No. Okay. So if there's delay, if you're relying on delay, that's, you know, they're doing. So ---- Well, they were diligent in filing their appeal of the disenrollment. They filed that immediately in 1999, after the ordinance was issued, and then, you know, waited for a decade while the United States did not resolve that appeal. But you're correct that they could have, alongside with that, filed a new application. In my remaining time this morning, I would just like to point to some evidence in the record that supports the Sloan's position that the United States cannot adequately represent them in this appeal. And that's basically the history that I just alluded to. They filed their appeal in 1999. The BIA did not actually rule on their appeal until 2009, after the Sloan's brought suit in Federal District Court to ---- But the BIA then ruled in their favor. They did. So now we look at what happened in this record, and they've been pretty vigorous. They sent a lawyer out from Washington. Washington, right? They sent a lawyer to represent. So what's the ---- I think that in the Citizens for Balance Use case and the Andrus case and the Babbitt case, they all focus on the history and looking at the history of reluctance by the agency to act. And here I think that history is plain. Also, in the intervening time while their appeal was pending, the United States did approve a revised version of the Articles of Association, which was challenged by the Sloan's in a separate matter. And that revision takes out this very appeal, or at least the process by which the BIA has to approve amendments to ordinances. So it takes away from the Sloan's that due process protection. And I believe I have just a few seconds left, so I'll save that for rebuttal. I apologize. With the Court's permission, I'd like to address a couple more points from the merits appeal. First of all, is that appropriate? Not at all. I'm sorry. It's a no? Not in the least. Okay. I actually ---- You heard here today on the intervention point that you don't think it's adequately addressed in your brief? No. I essentially stated our position. Thank you. Happy to resubmit. Thank you. We're adjourned. All rise.
judges: Kozinski, Hawkins, Murguia